[No. 15671.    Department One.—April 27, 1895.]

## A. F. REDEMEYER, RESPONDENT, v. WHITCOMBE HENLEY ET AL., APPELLANTS.

PARTNERSHIP — ACTION ON NOTE OF FIRM — PLEADING — AUTHORITY OF PARTNER—ADMISSION BY DEFAULT.—In an action upon a promissory note executed in the firm name by one of the partners an allegation that the defendants (naming them), partners doing business under the firm name, by one of the partners named, made and executed the note, sufficiently implied authority from the other members of the firm to make the note, and such authority to all is admitted by the default of the defendants.

APPEAL from a judgment of the Superior Court of Mendocino County.

The facts are stated in the opinion.

*T. L. Carothers,* for Appellants.

The complaint is insufficient, as it does not allege that the partner signing the note was authorized to execute the note, or that it was made for a partnership debt. The mere existence of such partnership does not confer any such authority; and hence, to hold the firm, the complaint must show some authority outside of the bare allegation of the partnership relation. (*Reubin* v. *Cohen,* 48 Cal. 545.) If the firm is a nontrading partnership it lies on the holder to allege and prove that the note was given by authority of the other partners. Here there is no allegation as to character of the firm business. (2 Lawson's Rights, Remedies, and Practice, 1218, and cases cited to note 5; 2 Am. & Eng. Ency. of Laws, 356.)

*J. A. Cooper,* for Respondent.

If the firm of "W. Henley & Bros." did not receive the money, or if there was any want of authority to execute the note, it was purely a matter of defense. The firm had its day in court, and did not set up any such defense. (Parsons on Partnership, 201, 202; *Manufacturers' Bank* v. *Winship,* 5 Pick. 11; 16 Am. Dec. 369;

*Etheridge* v. *Binney*, 9 Pick. 274; *Waldo Bank* v. *Greely*, 16 Me. 419; *Barrett* v. *Swann*, 17 Me. 180; *Vallett* v. *Parker*, 6 Wend. 615; *Doty* v. *Bates*, 11 Johns. 544.) When one partner makes a note in the name of the partnership it will render all the partners liable to a *bona fide* holder although it has no relation to the partnership business and the other partners were wholly ignorant of the transactio'n and were even intentionally defrauded by their partner. (*Rich* v. *Davis*, 4 Cal. 22, and cases cited.)

VANCLIEF, C.—Action on a promissory note made by the defendants to plaintiff, in which judgment was rendered in favor of plaintiff by default. The defendants have appealed from the judgment on the judgment-roll which contains no bill of exceptions; and the only point made by appellant is that the complaint does not state facts sufficient to constitute a cause of action.

The following is a copy of those parts of the verified complaint which it is contended are deficient.

" 1. That the defendants, Whitcombe Henley, Barclay Henley, and Thomas B. Henley, are now, and at all the times herein named have been, partners doing business in the county of Mendocino, state of California, under the firm name and style of ' W. Henley & Bros.'

" 2. That on the 15th day of April, 1893, the said defendants, Whitcombe Henley, Barclay Henley, and Thomas B. Henley, partners doing business under the firm name of ' W. Henley & Bros.' as aforesaid, by the said W. Henley, made and executed their certain promissory note in writing, of which the following is a copy, to wit:

" '$1,601.60.                    UKIAH, April 15, 1893.

" ' One day after date, without grace, we, or either of us, promise to pay to A. F. Redemeyer at Ukiah, or order, the sum of sixteen hundred one and $\frac{60}{100}$ dollars, for value received, with interest thereon at the rate of ten per cent per annum from date until paid.

" ' W. HENLEY & BROS.
" ' By W. Henley.'

"And then and there delivered the same to plaintiff, and plaintiff is now the lawful owner and holder thereof."

The substance of the objection to the complaint is that it does not show that W. Henley was authorized to make the note, because such authority is not expressly alleged nor implied in any of the express allegations. But I think it is implied in the express allegation that "said *defendants Whitcombe, Barclay, and Thomas B. Henley,* partners doing business under the firm name of 'W. Henley & Bros.' as aforesaid, *by the said W. Henley,* made and executed" the note. This allegation is not true, unless W. Henley had authority from Barclay and Thomas B. to make the note; yet its truth is admitted by the default of the defendants. There is nothing on the face of the note inconsistent with the truth of this allegation, as contended by appellants.

I think the judgment should be affirmed.

BELCHER, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

HARRISON, J., GAROUTTE, J., VAN FLEET, J.